| |
|---|
| **Java v 25 Park LLC** |
| 2025 NY Slip Op 32160(U) |
| June 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153961/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**                    PART                    **33M**

*Justice*

-------------------------------------------------------------------X

JEFFERSON BUSTAMANTE JAYA,                    INDEX NO.        153961/2022

Plaintiff,                         MOTION DATE       08/02/2024

- v -                                         MOTION SEQ. NO.      002

25 PARK LLC,25 PARK CORP., WILLIAMS EQUITIES
LLC,COLLIERS INTERNATIONAL NY LLC,COLLIERS TRI-
STATE MANAGEMENT LLC,NEUEHOUSE
LLC,NEUEHOUSE MADISON SQUARE LLC,NEUEHOUSE        **DECISION + ORDER ON**
NEW YORK HQ LLC,NEUEHOUSE MANAGEMENT                   **MOTION**
LLC,FOTOGRAFISKA NEUEHOUSE,
INC.,CULTUREWORKS, INC.,KAWNEER COMPANY,
INC.,KILROY ARCHITECTURAL WINDOWS, INC.,

Defendant.

-------------------------------------------------------------------X


25 PARK LLC, 25 PARK CORP., WILLIAMS EQUITIES LLC,          Third-Party
COLLIERS INTERNATIONAL NY LLC, COLLIERS TRI-STATE       Index No.  595014/2023
MANAGEMENT LLC

Plaintiff,

-against-

CONTINENTAL WINDOW CLEANING INC.

Defendant.

-------------------------------------------------------------------X

25 PARK LLC, 25 PARK CORP., COLLIERS INTERNATIONAL         Second Third-Party
NY LLC, COLLIERS TRI-STATE MANAGEMENT LLC              Index No.  595457/2023

Plaintiff,

-against-

KAWNEER COMPANY, INC., KILROY ARCHITECTURAL
WINDOWS, INC.

Defendant.

-------------------------------------------------------------------X

25 PARK LLC, 25 PARK CORP., WILLIAMS EQUITIES LLC,          Third Third-Party
COLLIERS INTERNATIONAL NY LLC, COLLIERS TRI-STATE      Index No.  595634/2023

MANAGEMENT LLC

Plaintiff,

-against-

KILROY ARCHITECTURAL WINDOWS

Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 144, 146, 147, 157, 158, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 220

were read on this motion to/for         <u>             JUDGMENT - SUMMARY             </u>.

Upon the foregoing documents, and after a final submission date of April 29, 2025, Defendants Neuehouse LLC, Neuehouse Madison Square LLC, Neuehouse New York HQ LLC, Neuehouse Management LLC, Neuehouse, Inc., Fotografiska Neuehouse, Inc., and Cultureworks, Inc. (collectively "Neuehouse") motion for summary judgment dismissing Plaintiff Jefferson Bustamante Jaya's ("Plaintiff") Complaint and all cross-claims asserted against them is granted.

## I.    Background

Non-party Metropolitan Window Washing ("Metropolitan") employed Plaintiff as a window washer. On April 13, 2022, Plaintiff was washing a window on the 11th floor of the building located at 104 East 25th Street, New York, New York (the "Building") when the top sash of the window fell and severed Plaintiff's finger. Metropolitan was a subcontractor of third-party defendant Continental Window Cleaning, Inc. ("Continental"). Continental was in turn contracted by the owner of the Building, Defendant 25 Park LLC (NYSCEF Doc. 203). Neuehouse was a tenant on the 11th floor of the Building where Plaintiff was injured.

Neuehouse now seeks summary judgment dismissing Plaintiff's Complaint and all cross claims asserted against it. Plaintiff does not oppose (NYSCEF Doc. 146) and therefore the motion for summary judgment dismissing Plaintiff's Complaint as alleged against Neuehouse is granted.

[* 2]

The only parties to oppose are 25 Park LLC, 25 Park Corp., Williams Equities LLC, Colliers International NY LLC, and Colliers Tri-State Management LLC (collectively "Owner Defendants"). These parties asserted cross-claims for contribution and contractual indemnification against Neuehouse.

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Neuehouse's motion is granted. The deposition testimony and lease provisions make clear that Neuehouse had no responsibility for maintaining or cleaning the windows in the Premises (*see* NYSCEF Doc. 201 at 18, 53-54; *see also* NYSCEF Doc. 205). In fact, the Lease explicitly states that "Landlord shall maintain in working order and repair…. existing skylights and exterior windows" (NYSCEF Doc. 205 at ¶ 87). There has been no evidence proffered that Neuehouse had a duty to maintain the windows or that it was in anyway negligent with respect to the window that caused Plaintiff's accident. The mere speculation that a Neuehouse employee could have the allegedly defective condition by simply opening or closing a window is insufficient to defeat summary judgment (*see generally Schloss v Steinberg*, 100 AD3d 476 [1st Dept 2012] [speculation and conjecture are insufficient to defeat summary judgment]). Thus, the undisputed evidence

[* 3]

having shown that Neuehouse was not responsible for inspecting, maintaining, or repairing the window which caused Plaintiff's injury, and there being no evidence that Neuehouse's negligence was responsible for creating the allegedly defective window, Neuehouse's motion dismissing all claims and cross-claims asserted against it is granted.

Accordingly, it is hereby,

ORDERED that Defendants Neuehouse LLC, Neuehouse Madison Square LLC, Neuehouse New York HQ LLC, Neuehouse Management LLC, Neuehouse, Inc., Fotografiska Neuehouse, Inc., and Cultureworks, Inc. motion for summary judgment dismissing all claims and crossclaims asserted against it is granted in its entirety, and Plaintiff's claims and all cross-claims asserted against Defendants Neuehouse LLC, Neuehouse Madison Square LLC, Neuehouse New York HQ LLC, Neuehouse Management LLC, Neuehouse, Inc., Fotografiska Neuehouse, Inc., and Cultureworks, Inc. are hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendants Neuehouse LLC, Neuehouse Madison Square LLC, Neuehouse New York HQ LLC, Neuehouse Management LLC, Neuehouse, Inc., Fotografiska Neuehouse, Inc., and Cultureworks, Inc. shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

_6/17/2025_
**DATE**

_Mary V Rosado JSC_
**HON. MARY V. ROSADO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | x | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153961/2022  BUSTAMANTE JAYA, JEFFERSON vs. 25 PARK LLC ET AL**
**Motion No.  002**

Page 4 of 4

[* 4]